IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LEE CRAMER, JR., )
)
    Plaintiff, ) No. 14-1464
)
v. )
)
CAROLYN W. COLVIN,
Commissioner of Social
Security,

    Defendant.

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed an application for supplemental social security income benefits, alleging disability due to various mental and physical impairments. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ erred in the following respects: 1) by not finding that Plaintiff met Listing 12.05C for intellectual disability; 2) by giving great weight to the state agency psychologist's opinions, then departing from those opinions in the residual functional capacity assessment ("RFC"); 3) by downplaying the limitations found by consulting examiners

2

Drs. Assefa and Tavoularis; and 4) by failing to deal properly with the opinions of Dr. Leonida, Plaintiff's treating physician.

### A. Listing 12.05C

I first address Plaintiff's contention that the ALJ improperly rejected the IQ score assigned by Dr. Lindsay Groves, and thus dealt improperly with Listing 12.05C. Dr. Groves, to whom Plaintiff was referred by his counsel, concluded that he had a full-scale IQ of 67. In her discussion, the ALJ noted Dr. Groves' statement that Plaintiff put forth little effort during the test administration. The ALJ neither deemed the score invalid, nor relied on this lack of effort to discredit the score. Instead, she stated that she gave the IQ result "little weight," due to Plaintiff's level of functioning. Moreover, the IQ score was discussed at step three of the sequential analysis, and the ALJ's statement that Dr. Groves' findings were not valid appeared separately in connection with the ALJ's RFC findings. It appears that the latter discussion referred to the remainder of Dr. Groves' opinions, and did not constitute rejection of the IQ testing. The ALJ did not err in her treatment of Dr. Groves' IQ testing.

Moreover, in order to satisfy Listing 12.05C, Plaintiff must demonstrate, inter alia, that his mental retardation was initially manifested before age 22. Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). "Mental retardation" refers to "significantly subaverage general intellectual functioning with deficits in adaptive functioning." Demacio v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 40708, at **36-37 (W.D. Pa. Mar. 27, 2014). In turn, the phrase "deficits in adaptive functioning" refers to "inability to cope with the challenges of ordinary everyday life." Harper v. Colvin, 2014 U.S. Dist. LEXIS 40511 (W.D. Pa. Mar. 27, 2014). In this case, Plaintiff does not point to evidence of mental retardation prior to age 22.[1] Thus, even if the ALJ had

---

[1] Plaintiff submitted to the ALJ school reports that indicated IQ scores in childhood of 81 and 87, and later scores of 84 in verbal IQ, 91 performance IQ, and 86 full scale IQ, along with a determination that he was not in need of

3

erred in addressing the IQ score assigned by Dr. Groves, Plaintiff has not offered evidence that he meets other applicable requirements, and any such error was harmless.

**B. Dr. Schiller**

Next, I address Plaintiff's contentions regarding the state non-examining psychologist, Dr. Schiller. At the initial determination level, Dr. Schiller opined that Plaintiff was moderately limited in several areas, including performing activities within a schedule and maintaining regular attendance and being punctual, in maintaining attention and concentration for extended periods, and in completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods.

The following is the entirety of the ALJ's discussion of Dr. Schiller:

> The undersigned has considered the opinion of the State agency psychological consultant…and gives that opinion significant weight to the extent it is consistent with the adopted residual functional capacity, as it is largely consistent with the objective findings of record and supported by the record as a whole, including the claimant's treatment history and activities of daily living.

Accordingly, the ALJ arrived at a lengthy RFC, permitting light work with various specified mental, social, postural, and environmental limitations. The mental and social aspects of the RFC are, in total, as follows:

> The claimant is limited to simple routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes. The claimant can have occasional contact with supervisors and coworkers and no public contact and can work in proximity but not in coordination with others

Thus, many of the moderate limitations noted by Dr. Schiller are not included in the RFC. For example, the RFC contains no limitations related to maintaining a regular schedule or

---

special education. Although Plaintiff testified that he was in special education classes from 7th through 12th grade, the record contains no documentation of this.

attendance, or to pacing and concentration.  Moreover, the ALJ did not explain why the RFC omitted such limitations.  Absent explanation, it is unclear whether she rejected those portions or merely overlooked them.  In other words, I cannot meaningfully review this aspect of her decision.  This omission is not harmless, because when the ALJ added to her hypothetical to the Vocational Expert ("VE") a limitation that the individual would be absent from work three days a month, and off-task twenty percent of the workday, the VE responded that the individual would not be able to perform any competitive work.   It is error to afford an opinion significant weight, and then omit, without explanation, moderate limitations contained in that opinion.  Demacio, 2014 U.S. Dist. LEXIS 40708 at \*\*43, 45; Mistick v. Colvin, 2013 U.S. Dist. LEXIS 133591, at \*\*5-6 (W.D. Pa. Sept. 18, 2013).   Remand is justified on this basis.

### C. Drs. Assefa and Tavoularis

Plaintiff also challenges the ALJ's treatment of the opinions of Drs. Assefa and Tavoularis, consulting physical and psychological examiners, respectively.  The ALJ gave Dr. Assefa's opinion significant weight, except to the extent that it was more restrictive than the RFC.  The ALJ explained that she did so because the limitations that Dr. Assefa expressed were not consistent with his benign physical findings and the conservative treatment history.  Dr. Assefa completed a medical source statement, in which he limited Plaintiff to various environmental and physical rstrictions.  All the restrictions were explained briefly, solely as based on knee or elbow pain, and because Plaintiff "gets off balance."  Attached to Dr. Assefa's statement is a record of range of motion testing, which indicates all normal ranges of motion except 130/150 degrees in the left knee, and 80/90 degrees in the lumbar region.  The ALJ clearly considered all of Dr. Assefa's findings and opinions in light of the entire record.   In light of that record, I find no error in the ALJ's approach to Dr. Assefa.

As regards Dr. Tavoularis, The ALJ concluded that her opinion was entitled to some weight, because restrictions opined to beyond those in the RFC were inconsistent with Dr. Tavoularis' own largely normal findings and the Plaintiff's history of mental health treatment. She opined that Plaintiff's concentration was chronically impaired, and that his social functioning was significantly impaired because of his irritability, as well as borderline intellectual functioning. Dr. Tavoularis found Plaintiff markedly limited in carrying out, understanding, and remembering detailed instructions, because his limited intellectual functioning would cause confusion with details. She found him moderately limited in interacting with the public, supervisors, and co-workers, and markedly limited in responding appropriately to work pressures or changes in a work setting. She explained these findings by pointing to Plaintiff's irritability and impulsivity, and likelihood of his becoming confused and irritable with complexity and change. When asked what medical or clinical findings supported her assessment, Dr. Tavoularis answered, "self-report." Again, the ALJ thoroughly considered Dr. Tavoularis' opinions against the entire record, and I find her conclusions and explanations appropriate.

**C. Dr. Leonida**

Finally, Plaintiff contends that the ALJ dealt improperly with the opinion of Dr. Leonida, Plaintiff's treating primary care physician. Dr. Leonida completed an Employability Assessment Form for the Department of Public Welfare, and checked a box marked "permanently disabled," indicating diagnoses of inter cranial hemorrhage and asthma, with secondary diagnoses of learning disability and mood disorder. The ALJ noted that the 2009 statement from Dr. Leonida was not relevant to the time period at issue, was not supported by objective findings or treatment history since his application date, and was offered for the purposes of state welfare

benefits, which are adjudged by different criteria. I note, too, that statements of opinion on the ultimate issue of disability are not binding on the ALJ, because disabled status is a decision reserved for the Commissioner. <u>Weimer v. Astrue</u>, 2013 U.S. Dist. LEXIS 21, at *7 (W.D. Pa. Jan. 2, 2013). I find no error in the ALJ's treatment of Dr. Leonida's opinion.

## CONCLUSION

In sum, this matter will be remanded so that the ALJ may explain why some limitations found by Dr. Schiller were omitted from the RFC, despite the significant weight afforded his opinion, or to consider those limitations in the first instance. If a rehearing or additional VE testimony becomes necessary as a result, she may, of course, conduct such proceedings. An appropriate Order follows.

## ORDER

AND NOW, this 5th day of May, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court